UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
UNITED STATES OF AMERICA           :
                                   :
    -v.-                           :   1:20-cr-00056-PAC-4
                                   :
WALKIN FRANCISCO ARIAS VILLAR,     :   **OPINION & ORDER**
                                   :
                 *Defendant.*      :
------------------------------------------------------------- x

HONORABLE PAUL A. CROTTY, United States District Judge:

    Defendant Walkin Francisco Arias Villar is charged with three co-defendants in a four-count indictment that alleges conspiracy for kidnapping and extortion and additional substantive counts of kidnapping and extortion. Arias Villar is detained at the Metropolitan Correctional Center ("MCC") after bail was denied. He now moves for temporary pretrial release under 18 U.S.C. § 3142(i), which allows such release when necessary for preparation of the detainee's defense or for another compelling reason.[1] The Government opposes the release, saying that Arias Villar has not established a compelling reason that justifies his temporary release, and that the Defendant remains a potential danger to the community and a flight risk.

    Arias Villar is a 28-year-old man with no known underlying health conditions and who does not raise any argument that COVID-19 has interfered with his ability to prepare his defense. He has no scheduled trial date. He asserts that the mere fact of the ongoing COVID-19 pandemic is enough to satisfy 18 U.S.C. § 3142(i). The application is DENIED.

---

[1] Arias Villar consented to a decision on his motion on the basis of the Parties' submissions, without a hearing. (Dkt. 34).

**BACKGROUND**

The alleged course of highly violent conduct underlying the Indictment under which Arias Villar and his co-defendants are charged has been extensively detailed in this Court's previous Order denying temporary pretrial release for Josiel Gustavo Martinez Guzman. *United States v. Guzman*, 20 Cr. 56 (PAC), 2020 WL 1700253, at *1 (S.D.N.Y. Apr. 8, 2020). As relevant to this motion, Arias Villar is alleged to have participated in a multi-hour kidnapping in which a confidential informant was lured and dragged into a waiting automobile in the Bronx, New York where he was then tortured—including with cigarette burns and by being struck and having a gun pointed at him—and made to transfer $15,000 from his personal bank account while the defendants drove to Connecticut, where they were ultimately apprehended. (Dkts. 1, 12).

Arias Villar was arrested on December 23, 2019 and detained on consent and without prejudice after a hearing before Magistrate Judge Barbara C. Moses. (Minute Entry dated Dec. 23, 2019; Dkt. 7). The Defendant pled not guilty to all counts at a proceeding before this Court on January 23, 2020. Arias Villar was ordered detained without bail by Magistrate Judge James L. Cott who found that due to the nature of the offenses alleged the Defendant posed a risk of

dangerousness to the community. (Dkt. 14). This Court denied a renewed application for bail on February 27, 2020.[2] (Minute Entry dated Feb. 27, 2020).

## DISCUSSION

Through March and April 2020, numerous defendants and courts have looked to the statutory "safety valve" of 18 U.S.C. § 3142(i) amid the unprecedented challenges presented by the COVID-19 pandemic. The statute provides, in relevant part, that a district court "may . . . permit the temporary release" of a pretrial defendant for whom bail has otherwise been denied "in the custody of a United States marshal or another appropriate person" if the court "determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i).

This Court has granted a motion under 18 U.S.C. § 3142(i) where it found that "[t]he extraordinary burdens imposed by the . . . pandemic, in conjunction with [the defendant's] right to prepare for his defense" constituted a "compelling reason" justifying temporary release. *United States v. Chandler*, 1:19-cr-867 (PAC), 2020 WL 1528120, at *2 (S.D.N.Y. Mar. 31, 2020). Courts have determined that "in limited circumstances, a serious medical condition can constitute a 'compelling reason'" where the defendant suffered pre-existing, particularized

---

[2] The Court observed in denying bail:

> The crimes alleged here are very serious, dangerous, abhorrent. The charges of a kidnapping, and then extortion and force by beatings and torture are very, very serious crimes, and cut at the very basic order of our society.
>
> I've studied 18 U.S.C. § 3142 and I know this is not a presumption case, but the fact that it's not a presumption case does not mean that the defendants are entitled to bail. I find that there is a danger to the community, based on the violent acts that were perpetrated in December of 2019. I find also that there is a danger of flight. So I'm going to not admit the defendants to bail.

(Tr., Dkt. 23, at 26:17–27:2).

3

medical conditions that put him or her uniquely at risk to COVID-19 while detained. *United States v. Belardo*, 20-CR-126-LTS, 2020 WL 1689789, at *2 (S.D.N.Y. Apr. 7, 2020).

Arias Villar's motion for temporary pretrial release under this subsection does not raise the compound problem of COVID-19 restrictions and the right to prepare a defense presented in *Chandler*, nor does it argue the serious medical concerns that have driven temporary release in other cases. Arias Villar's application instead rests wholly on the fact that "the coronavirus [is] spreading rapidly throughout the United States and the city of New York." (Dkt. 32, at 1). Arias Villar is 28 years old, and admittedly has "no underlying medical conditions that compromise his immune system." (Dkt. 32, at 2). Courts in this district have repeatedly held that temporary pretrial release is not appropriate on a bald assertion that the COVID-19 pandemic is ongoing, acknowledging that the "BOP has taken numerous steps to mitigate the risk of COVID-19 spreading within the MCC." *United States v. Irizarry*, 17-CR-283 (LAP), 2020 WL 1705424, at *2 (S.D.N.Y. Apr. 8, 2020) (denying release for a 26-year-old defendant with asthma). *See also United States v. Zou*, 20 Cr. 51 (PAC), 2020 WL 1700252, at *1 (S.D.N.Y. Apr. 8, 2020) (denying temporary release where the defendant had "not identif[ied] any particular circumstances or health conditions that uniquely place[d] him at high risk."); *United States v. Eley*, 20 Cr. 78-3 (AT), 2020 WL 1689773, at *1 (S.D.N.Y. Apr. 7, 2020) (denying release for 23-year-old defendant with no known medical conditions).

Arias Villar asks for temporarily release to his pregnant common-law wife in Massachusetts, where he says he would remain in home confinement with electronic monitoring. (Dkt. 32, at 3). Given the grievous nature of the charges levelled against Arias Villar and the fact that they include extremely violent group conduct, the Court cannot conclude that the risks of flight and dangerousness to the community that informed the bail determinations of both the

Court and the magistrate judge would in any way be alleviated by the proposed conditions. Further, given the conduct alleged and that Arias Villar has provided no reason why his wife would help mitigate dangerousness or risk of flight, the Court cannot have any confidence that Arias Villar has identified an "appropriate person" to whom he could be released. *See United States v. Wallace*, 20cr0052 (DLC), 2020 WL 1814160, at *1 (S.D.N.Y. Apr. 9, 2020) (denying release where "[t]he defendant has not shown that his release will be to the custody of an appropriate person"); *United States v. Burnett*, 20cr0052 (DLC), 2020 WL 1814161, at *1 (S.D.N.Y. Apr. 9, 2020) (denying release in part for failure to identify an appropriate person).

## **CONCLUSION**

The application for temporary pretrial release is DENIED. The Clerk of the Court is directed to close the motions at Dockets 32, 34, and 35.

Dated: New York, New York
       April 16, 2020

SO ORDERED

*[signature]*

_____
PAUL A. CROTTY
United States District Judge