UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                     :

WALKIN ARIAS VILLAR,                 :

                 *Petitioner,*        :

        v.                             :          20-CR-56-04 (PAC)
                                       :          22 Civ. 6568 (PAC)
                                       :

UNITED STATES OF AMERICA,      :          **OPINION & ORDER**

                                       :

               *Respondent.*       :

                                       :
-------------------------------------------------------x

Walkin Arias Villar ("Defendant", "Arias Villar") moves to vacate, set aside, or correct his criminal sentence pursuant to 28 U.S.C. § 2255. He is currently serving a prison term of 120 months imposed after he pled guilty to extortion conspiracy in violation of 18 U.S.C. § 1951 resulting from the violent kidnapping and torture of a Drug Enforcement Agency ("DEA") confidential informant. Arias Villar now alleges that he received ineffective assistance of counsel prior to and during his guilty plea and sentencing and asks that the Court resentence him. For the reasons stated below, Arias Villar's motion is **DENIED**.

## BACKGROUND

### I.   Factual Background

On January 21, 2020, Arias Villar was indicted in a four-count indictment ("Indictment") charging him with conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c) ("Count One"); kidnapping, in violation of 18 U.S.C. §§ 1201(a)(1) and (2) ("Count Two"); extortion conspiracy in violation of 18 U.S.C. § 1951 ("Count Three"); and extortion, in violation of 18

U.S.C. §§ 1951 and 2. *See* Indictment, ECF No. 12.[1]  The Government alleged that Arias Villar

and his co-conspirators participated in a multi-hour kidnapping where a DEA confidential

informant ("Victim") was lured and dragged into a waiting automobile in the Bronx. *See United*

*States v. Arias Villar*, 1:20-cr-00056-PAC-4, 2020 WL 1888841, at *1 (S.D.N.Y. Apr. 16, 2020).

Once inside the vehicle, the Victim was tortured and forced to transfer $15,000 from his personal

bank account. *Id.*  Co-conspirators also demanded that an undercover officer ("UC-2")—posing

as the Victim's cousin—pay a $500,000 ransom to secure the Victim's release. *See* Presentence

Report ("PSR") ¶¶ 41–44, ECF No. 86.  DEA officers monitoring the initial transaction for

suspected money laundering were ultimately able to locate the automobile in Connecticut, recover

the Victim, and apprehend Arias Villar and several of his co-conspirators. *See* Cr. Compl. ¶ 9,

ECF No. 1.

On April 6, 2021, Arias Villar pled guilty to Count Three pursuant to a written plea agreement.

*See* Minute Entry.  The plea agreement stipulated that the total offense level was 33 and that Arias

Villar's criminal history category was I, resulting in a Sentencing Guidelines range of 135 to 168

months' imprisonment. *See* PSR ¶¶ 9–16.  In reaching the 33 offense level, the parties agreed that

the base offense level was 18 and that Arias Villar was subject to several enhancements and

reductions.  Specifically, the plea agreement stipulated to a two-level increase pursuant to U.S.

Sentencing Guidelines ("USSG") § 2B3.2(b)(1) because the offense involved an express or

implied threat of death, bodily injury, or kidnapping ("Threat Enhancement"), *id.* ¶ 10, and a two-

level enhancement pursuant to USSG §§ 2B3.2(b)(2) and 2B3.1(b)(7)(C) because $500,000 was

demanded from the victim, *id.* ¶ 11 ("Ransom Enhancement").  The parties likewise agreed that a

---

[1] Unless otherwise indicated, all docket citations refer to the docket in the underlying criminal
matter, *United States v. Zhen et al*, 1:20-cr-00056-PAC-4.

six-level increase was warranted pursuant to USSG § 2B3.2(b)(3)(ii) because a firearm was otherwise used, *id.* ¶ 12; a four-level enhancement was warranted pursuant to USSG § 2B3.2(b)(4)(B) because the victim sustained serious bodily injury, *id.* ¶ 13; and a four-level enhancement was warranted pursuant to USSG § 2B3.2(b)(5)(A) because a person was abducted to facilitate the commission of the offense, *id.* ¶ 14.   Finally, the plea agreement also provided that a two-level reduction for acceptance of responsibility and one-level reduction for timely notice of an intention to enter a plea of guilty would also be applied. *Id.* ¶ 15.   All in all, the parties stipulated that Arias Villar's total applicable offense level, including these enhancements and reductions, totaled 33. *Id.* ¶ 16.

Prior to accepting Arias Villar's plea, the Court conducted a careful hearing that complied with Rule 11 of the Federal Rules of Criminal Procedure.  Arias Villar confirmed he could understand the proceedings through the assistance of a Spanish interpreter. *See* Plea Tr. at 1:17–18, ECF No 78. Arias Villar was placed under oath and affirmed that he understood that meant he was required to answer all the Court's questions truthfully. *Id.* at 2:22–3:8.   Arias Villar confirmed that he spoke with his defense attorney Milton H. Florez, Esq.,[2] about his case and that Arias Villar was satisfied with the representation he received. *Id.* at 5:1–6:20.  The Court confirmed that Arias Villar understood that, by pleading guilty, he was giving up rights which included: (i) the right to a jury trial where he would be presumed innocent unless the Government proved his guilt beyond a reasonable doubt; (ii) the right to be represented by counsel, including appointed counsel, at trial and at every other stage of the proceeding; (iii) the right to confront and cross-examine witnesses for the Government and object to the Government's evidence; (iv) the right to testify, present

---

[2] Arias Villar retained Florez to represent him throughout all the relevant proceedings.  Arias Villar is now represented by different, appointed counsel.

evidence, and subpoena favorable witnesses; (v) the right not to testify and to be free from having any adverse inferences drawn from the decision not to testify; and (vi) the right to plead not guilty. *See id.* 5:1–6:14.

Arias Villar then confirmed that he spoke with Florez about the plea agreement, that Florez answered all his questions, and that he signed the agreement voluntarily. *Id.* at 6:15–7:6. Arias Villar likewise confirmed that no one made any threats or promises to induce him into signing the agreement and that the plea agreement represented "the entire agreement [Arias Villar] ha[d] with the government." *Id.* at 7:1–9. Arias Villar stated he understood that the Court could impose a maximum term of imprisonment of twenty years. *Id.* at 7:17–25.

The Court then reviewed with Arias Villar the offense level of 33 and the stipulated Sentencing Guideline range of 135 to 168 months. *Id.* at 8:14–9:8. Arias Villar confirmed that Florez reviewed with Arias Villar how the offense level was calculated and that it was set at 33. *Id.* at 8:14–19. The Court also noted, however, that it was not bound by the stipulation and had complete discretion to sentence Arias Villar "anywhere from zero time to the maximum." *Id.* at 8:25–9:9. Arias Villar then attested that he was pleading guilty because he was, in fact, guilty. *Id.* 9:17–22. Finally, the Government and the Court both acknowledged to Arias Villar that one condition of his plea agreement provided that "neither party shall seek a sentence outside of the stipulated guidelines range of 135 to 168 months or suggest in any way that the probation office or this Court consider a sentence outside of that range." *Id.* at 10:3–14. The Court ultimately accepted Arias Villar's guilty plea as knowing and voluntary. *Id.* at 13:8–16.

Arias Villar was sentenced to 120 months imprisonment on September 15, 2021. *See* Judgment in a Criminal Case, ECF No. 101. At sentencing, the Court confirmed that Arias Villar understood the proceedings through a Spanish interpreter. *See* Sent'g Tr. at 2:10–12, ECF No. 107. Florez

4

stated that there were no objections to the PSR and agreed with the Sentencing Guideline Range of 135 to 168 months. *Id.*

After the Court imposed sentence but before the proceeding was adjourned, the Government requested that the Court correct a "minor edit" in the PSR to change a phrase from reading "[Arias Villar's co-conspirator Dacheng Zhen ("Zhen")] blocked *UC-1* as a contact on WeChat" to "ZHEN blocked *UC-2* as a contact on WeChat." Sent'g Tr. at 20:3–25 (emphasis added). The Government maintained that the change "should [not] affect [the Court's] sentence in any way. . ." *Id.* 20:3–6. Florez did not object to the change and the Court adopted the correction. *Id.* 20–21.

## II.    Procedural History

On August 1, 2022, Arias Villar filed a *pro se* motion to correct his sentence pursuant to 28 U.S.C. § 2255 ("Motion"), alleging that he received ineffective assistance of counsel due to Florez's failure to object to the Government's late correction. *See* Mot., ECF No. 135.[3] The Court appointed new counsel to represent Arias Villar for the purposes of the Motion and counsel filed a supplemental brief ("Supplemental Brief") on February 24, 2023. *See* Supp. Br., ECF No. 153. In the Supplemental Brief, Arias Villar asserted for the first time that Florez incorrectly told him pre-plea that his offense level would be changed to 31 at sentencing and his Sentencing Guideline range lowered to 108 to 135 months.

The Court then granted the Government's request that Arias Villar supply a declaration from Florez to allow the Government to respond to the new allegation. *See* Order, ECF No. 156. Florez

---

[3] Arias Villar also subsequently sought to amend the Motion by adding a claim that the restitution order overstated the Victim's losses. *See* Mot. to Amend, ECF No. 140. After consulting with appointed counsel, Arias Villar has withdrawn his restitution claim. *See* Supp. Br. at 3, ECF No. 153.

declared that, after reviewing his notes, he could not "find any references to ever informing Mr. Arias Villar that his base offense level would be changed from a level 33 to a level 31 [and there did] not appear to be any basis in the Sentencing Guidelines for such a reduction." *See* Florez Decl., ECF No. 160.   After previously opposing Arias Villar's initial *pro se* Motion, the Government filed an additional opposition to his Supplemental Brief. *See* Gov't Opp'n, ECF. No. 162. Arias Villar, through counsel, filed a reply on June 29, 2023. *See* Reply, ECF No. 163.

## DISCUSSION

### I.   Section 2255 Standard

Section 2255 permits a prisoner in custody to move to vacate, set aside, or correct a criminal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).   Relief under Section 2255 is only available when the petitioner demonstrates "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks and citation omitted).   The petitioner must also show that the constitutional error had "substantial and injurious effect" that caused "actual prejudice." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (internal quotation marks and citation omitted).   "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (cleaned up)).

6

Arias Villar now claims that he received ineffective assistance of counsel because Florez (1) incorrectly informed him that he would receive a two-level reduction at sentencing that was not provided for in his plea agreement and (2) failed to object to the Government's late request to amend the PSR.[4] Neither argument is persuasive.

## II.  Ineffective Assistance of Counsel

The Sixth Amendment of the United States Constitution guarantees that all criminal defendants have the assistance of counsel. *See* U.S. Const. amend. VI.  This Sixth Amendment guarantee includes the right "to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). "To prevail on a claim of ineffective assistance of counsel, a convicted defendant must demonstrate that: (1) counsel's performance 'fell below an objective standard of reasonableness'; and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Rosas v. Artus*, No. 05 Civ. 8440 (RJS), 2013 WL 499610, at *4 (S.D.N.Y. Jan. 29, 2013) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "The law is clear that a petitioner challenging his conviction on the grounds of ineffective assistance of counsel '[bears] the burden of proving his claim.'" *Johnson v. United States*, No. 11 Cr 487 (RJS), 2018 WL 4625799, at *3 (S.D.N.Y. Sept. 26, 2018) (quoting *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001)).

---

[4] On this point, Arias Villar's appointed counsel "do not adopt" his argument "nor do [they] address the Government's arguments in opposition." *See* Supp. Br. at 4–5. They have, however, highlighted certain case law regarding the grounds that Florez could have relied on in objecting to the Government's late request to "aid . . . the Court's adjudication of the issue." *Id.* at 5.  Out of an abundance of caution, the Court construes Arias Villar's failure to object arguments as brought *pro se* and interprets them "to raise the strongest arguments that they suggest." *Brown v. United States*, 20-CV-1509 (AMD), 16-CR-297-2 (AMD), 2023 WL 4551682, at *4 (E.D.N.Y. July 14, 2023) (internal quotation omitted).

In assessing whether counsel's performance fell below an objective standard of reasonableness, the Court "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that '[t]here are countless ways to provide effective assistance in any given case' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (quoting *Strickland*, 466 U.S. at 689)).

*Strickland*'s prejudice requirement "is satisfied only if the petitioner establishes that there is 'a probability sufficient to undermine confidence in the outcome.'" *Brown v. United States*, 20-CV-1509 (AMD), 16-CR-297-2 (AMD), 2023 WL 4551682, at \*5 (E.D.N.Y. July 14, 2023) (quoting *Jackson v. Leonardo*, 162 F.3d 81, 85 (2d Cir. 1998)). To establish prejudice "with respect to a claim focusing on a plea of guilty, 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *see also Lee v. United States*, 582 U.S. 357, 371 (2017). Similarly, to establish prejudice during sentencing, the defendant must show there is a reasonable probability that the result of the sentencing "would have been different if not for his counsel's alleged failures." *Daniels v. United States*, Civil No. 3:17cv1069 (JBA), 2020 WL 1974368, at \*3 (S.D.N.Y. Apr. 24, 2020).

## III.   Alleged Ineffective Assistance of Counsel During Plea Bargaining

Arias Villar, through counsel, claims Florez erroneously told him that "due to an error in the Sentencing Guideline Calculations, the Offense Level would be changed to 31 after [Arias Villar]

signed the Plea Agreement." *See* Arias Villar Aff. ¶ 9, ECF No. 153.[5]  Because of this "false pre-

plea assurance," Suppl. Br. at 3, Arias Villar claims he understood that the offense level he pled to

would be changed to 31, and his Guideline range changed to 108 to 135 months.  Arias Villar Aff.

¶ 10.  Florez denies ever saying this. *See* Florez Decl.  Arias Villar's claims do not justify relief.

First, Arias Villar's contemporary statements that Florez promised him a reduction in his

Guideline range contradict his representations to the Court at his plea hearing and sentencing.

Arias Villar confirmed at his plea hearing that no one made any promises to induce him to sign the

agreement, that it represented his entire agreement with the Government, and that the offense level

was 33 and Sentencing Guideline range 135 to 168 months.   The Court also explicitly

acknowledged on the record in Arias Villar's presence that, pursuant to the plea agreement, neither

party would seek a sentence outside of the stipulated 135-to-168-month range.  Neither Arias Villar

nor Florez objected.  Now seeking "to challenge the voluntariness of his plea, [Arias Villar] may

not rely on bald statements that simply contradict what he said at his plea allocution." *Christie v.*

*United States*, 15 Cr. 00288 (RMB) – 10, 18 Civ. 04762 (RMB), 2019 WL 912522, at *3 (S.D.N.Y.

Feb. 25, 2019) (internal quotation marks omitted); *see also Rensing v. United States*, No. 16-cr-

442, 2021 WL 1326909, at *12 (S.D.N.Y. Apr. 8, 2021) (denying petitioner's ineffective

assistance of counsel-based Section 2255 petition and finding his "self-serving" and "conclusory"

statements regarding his attorney's purported promises during the plea negotiation process were

"directly contradicted by his sworn statements at [his] plea hearing.").

---

[5] It is unclear whether Arias Villar is referring to erroneous advice regarding application of the Ransom Enhancement, Threat Enhancement, or some other miscellaneous two-level reduction. Although the Supplemental Brief references the Ransom Enhancement briefly once, *see* Supp. Br. at 9, Arias Villar does not elaborate what the alleged "error" in the Sentencing Guidelines refers to. *See* Arias Villar Aff. ¶ 9.

Arias Villar also had the opportunity to speak to the Court at sentencing, after the PSR was accepted without objection and the Guideline Range set at 135–168 months, and immediately prior to when the Court handed down its sentence. *See* Sent'g Tr. 13:3–15:7. Despite speaking at length, Arias Villar did not once mention Florez's assurance or any error in the Sentencing Guideline calculation. *See id.* The Court sees no evidence of deficient performance related to Arias Villar's offense level or Sentencing Guideline range.

Even if it did, Arias Villar's claim would still fail because he does not adequately allege he was prejudiced by Florez's incorrect advice. Arias Villar acknowledges that a "defendant must show that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *See* Supp. Br. at 8 (quoting *Hill*, 474 U.S. at 59). "Where, as here, 'defendant's specific claim is that counsel has misled him as to the possible sentence which might result from a plea of guilty, . . . the issue is whether the defendant was aware of actual sentencing possibilities, and if not, whether accurate information would have made any difference in his decision to enter a plea.'" *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005) (quoting *Ventura v. Meachum*, 957 F.2d 1048, 1058 (2d Cir. 1992) (internal quotation marks omitted)). The Court explicitly told Arias Villar that it had complete discretion to sentence him to up to 20 years imprisonment, notwithstanding the Stipulated Guideline range. Even if he was not aware of his actual sentencing possibilities, Arias Villar fails to even suggest in any of his four briefs or affidavit that knowing his offense level would remain at 33 would have in any way influenced his decision to plead guilty.[6]

---

[6] The Court observes that the plea agreement allowed Arias Villar to plead to only one count of a four-count indictment and resulted in the Government dismissing the three remaining opening counts. *See* Sent'g Tr. at 19:22–20:2, ECF No. 107. This permitted Arias Villar to avoid what

Instead, despite citing to the correct standard, Arias Villar utilizes an entirely different framework to show prejudice. He implies that the relevant inquiry involves analyzing whether the results of Arias Villar's sentencing would have been different had Florez been correct that Arias Villar was eligible for a two-level reduction. This turns the *Strickland* standard on its head by asking the Court to credit, not disregard, deficient performance in its prejudice analysis. *Cf. Strickland*, 466 U.S. at 695 ("[T]he question is whether there is a reasonable probability that, absent the errors[,]" the results of the proceeding would have been different.). Rather, the correct question is whether Arias Villar would have rejected or sought to renegotiate the plea offer had he known his offense level would not be lowered to 31 at sentencing, not whether Arias Villar could have received a lower sentence had Florez's baseless promise of a reduction come to fruition. *See Cruz v. United States*, 18-cr-779-3 (ER), 22-cv-1456 (ER), 2023 WL 3270063, at * 6 (S.D.N.Y. May 6, 2023) (rejecting petitioner's ineffective assistance of counsel claim premised on incorrect pre-plea advice when petitioner "neither argued nor hinted that he would have proceeded to trial if not for [his attorney's] advice."). His ineffective assistance of counsel claim on these grounds therefore fails.

## IV.    Alleged Ineffective Assistance of Counsel at Sentencing

Arias Villar next argues *pro se* that he received ineffective assistance of counsel when Florez failed to object to the Government's request to change a single reference in the PSR from "UC-1" to "UC-2." Even assuming Florez had grounds to oppose the late correction, *cf. United States v. Smalling*, 644 F. App'x 3, 4 (2d Cir. 2016) (summary order), Arias Villar again fails to allege that he was in any way prejudiced. He does not, for example, argue that the change was incorrect or

---

almost certainly would have been a substantially lengthier prison sentence, had he been convicted of all four counts at trial.

11

would have otherwise impacted the Court's sentence. He instead claims that it "calls into question" the factual basis underlying the Ransom Enhancement and implies that a timely objection could have fixed a purported error in the offense level and Sentencing Guidelines. Mot. at 2.

This argument likewise fails. Arias Villar has not shown that the correction was inaccurate, material, or in any way related to the ransom demand. The challenged phrase does not reference the ransom demand at all, but merely appears in the short paragraph *preceding* the PSR's description of the ransom demand. The PSR in the next line clearly states that "Individual-1 demanded that UC-2 send $500,000 to Individual-1 to secure release of the Victim and sent UC-2 a photograph of the Victim being held down in the back seat of the car." PSR ¶ 43. Arias Villar does not challenge the accuracy of this statement, nor is the Court aware of any basis to question it. The PSR also later correctly acknowledges that it was actually UC-2 that Zhen blocked on WeChat, in support of the Government's position that the earlier change was immaterial. *See* PSR ¶ 47. Arias Villar, in any event, stipulated to the Ransom Enhancement in his plea agreement. *See* PSR ¶ 11. He overall fails to demonstrate how a single, minor typographical error casts any doubt on the applicability of the Ransom Enhancement or that Florez's failure to object to its correction constitutes ineffective assistance of counsel.

## CONCLUSION

Arias Villar's motion to vacate, set aside, or correct his sentence is **DENIED**. Because the Court finds that the "combined submissions of the parties provide sufficient basis upon which to deny the [motion]" and "a full testimonial evidentiary hearing would not offer any reasonable chance of altering [the Court's] views on the facts" alleged by Arias Villar, his request for an evidentiary hearing is likewise **DENIED**. *United States v. Valles*, 19 Cr. 672 (JPC), 20 Civ. 7835 (JPC), 2023 WL 4420288, at *3 (S.D.N.Y. July 10, 2023).

12

The Clerk of Court is directed to close ECF Nos. 135, 140, and 154. Arias Villar has not made

a substantial showing of the denial of a constitutional right, thus no certificate of appealability

shall issue. *See* 28 U.S.C. §§ 2253.


Dated: New York, New York          SO ORDERED
     July 25, 2022


                                  HONORABLE PAUL A. CROTTY
                                  United States District Judge