```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
                                                     :
WALKIN ARIAS VILLAR,                                 :
                                                     :
                    Petitioner,                      :   20-CR-56-04 (PAC)
                                                     :   22 Civ. 6568 (PAC)
                                                     :
        -against-                                    :   ORDER
                                                     :
                                                     :
United States of America                             :
                                                     :
                    Respondent.                      :
                                                     :
-----------------------------------------------------X
```

Walkin Arias Villar ("Arias Villar) moves *pro se* for a certificate of appealability, pursuant to 28 U.S.C. § 2253, to appeal this Court's denial of his motion to vacate, set aside, or correct his criminal sentence. The motion is **DENIED**.

## BACKGROUND

On April 6, 2021, Arias Villar pleaded guilty to extortion conspiracy in violation of 18 U.S.C. § 1951. *See* Minute Entry.[1] The stipulations in the plea agreement resulted in a U.S. Sentencing Guidelines range of 135 to 168 months' imprisonment. *See* Presentence Report ("PSR") ¶¶ 9–17. In reaching the offense level, the parties agreed that Arias Villar was subject to several enhancements, including a two-level "Ransom Enhancement" pursuant to Sentencing Guidelines §§ 2B3.2(b)(2) and 2B3.1(b)(7)(C) because $500,000 was demanded from the victim. *Id.* ¶ 11. On September 16, 2021, this Court sentenced Mr. Arias Villar to a below Guidelines sentence of 120-months' imprisonment, three-years supervised release, and restitution of $36,150.92 jointly and severally with his co-defendants. Judgment, ECF No. 101.

---

[1] Unless otherwise indicated, all docket citations refer to the docket in the underlying criminal matter, *United States v. Zhen et al.*, 20-cr-00056-PAC-4.

On August 1, 2022, Arias Villar filed a *pro se* motion to vacate, set aside, or correct his criminal sentence pursuant to 28 U.S.C. § 2255. ECF No. 135. He argued that the attorney who represented him during sentencing rendered ineffective assistance in violation of the Sixth Amendment by failing to object to the Government's request to make a typographical change to the PSR, which the Government requested after the Court imposed the sentence but before the proceeding was adjourned. On July 25, 2023, the Court denied the motion, concluding that Arias Villar failed to demonstrate any prejudice. *See Villar v. United States*, No. 20-CR-56-04 (PAC), 2023 WL 4763204, at *5–6 (S.D.N.Y. July 25, 2023). The Court also determined that no certificate of appealability was warranted. *Id.* at *6.

On September 18, 2023, Arias Villar moved, *pro se*, for a certificate of appealability to appeal the Court's determination that he was not prejudiced by his attorney's failure to object to the Government's request. Dkt. No. 22-cv-6568, ECF No. 10. He argues that the edit prejudiced him because the change undermines facts material to the Ransom Enhancement. *Id.* at 2. The Government opposed the motion on October 11, 2023. Dkt. No. 22-cv-6568, ECF No. 12.

## DISCUSSION

The Court again concludes that no certificate of appealability is warranted. The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing requires a finding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner" or the "issues presented [are] adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and quotation marks omitted).

Here, no reasonable jurist "would find the district court's assessment of the constitutional claims debatable or wrong." *Contant v. Sabol*, 987 F. Supp. 2d 323, 335 (S.D.N.Y. 2013) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Arias Villar knowingly stipulated to the Ransom Enhancement in his plea agreement. Assuming *arguendo* that the edit related to the Ransom Enhancement, his attorney's failure to object did not fall below an objective standard of reasonableness because Arias Villar

stipulated to the enhancement in his plea agreement. *See Chardon v. United States*, No. 18-CR-319-LTS, 2022 WL 2967296, at *3 (S.D.N.Y. July 26, 2022) ("[C]ourts have routinely held that defense counsel is not ineffective for relying on a stipulation in a plea agreement"—including "where the defendant signs the agreement and confirms his understanding of the stipulation on the record.").

Moreover, to demonstrate prejudice during sentencing, the defendant must show there is a reasonable probability that the result of the sentencing "would have been different if not for his counsel's alleged failures." *See Daniels v. United States*, No. 3:17CV1069 (JBA), 2020 WL 1974368, at *2 (D. Conn. Apr. 24, 2020)). There is no indication that the sentencing would have been different had Arias Villar's counsel objected. First, his actual sentence of 120 months' imprisonment falls within what would have been the Sentencing Guidelines range of 108 to 135 months' imprisonment had the Ransom Enhancement not been applied. Second, the edit was inconsequential. The edit merely changed the name of the contact that Arias Villar's co-conspirator, Dacheng Zhen, blocked on the messaging platform WeChat from "UC-1" to "UC-2." PSR ¶ 42. That edit was consistent with a reference elsewhere in the Report, finding that at "approximately 11:24 p.m., UC-2 attempted to contact ZHEN over WeChat again. However, UC-2 discovered that ZHEN blocked UC-2 as a contact." *Id.* ¶ 47. That action of blocking a contact was also independent from the ransom communication, which occurred between UC-2 and "Individual 1," *see id.* ¶¶ 45–46, further demonstrating that the edit was immaterial and could not have prejudiced Arias Villar.

## CONCLUSION

Accordingly, Arias Villar's motion for a certificate of appealability is **DENIED**. The Clerk of the Court is directed to close ECF No. 10 on Docket No. 22-cv-6568.

Dated: New York, New York
November __, 2023

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

3