UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
 UNITED STATES OF AMERICA,                :
                                          :          20cr56-4(DLC)
                -v-                       :
                                          :     MEMORANDUM OPINION
                                          :         AND ORDER
 WALKIN FRANCISCO ARIAS VILLAR,           :
                                          :
                Defendant.                :
                                          :
-----------------------------------------X

DENISE COTE, District Judge:

On September 15, 2021, Walkin Francisco Arias Villar was sentenced principally to 120 months' imprisonment following a plea of guilty to participating in a conspiracy to commit extortion.  The defendant has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the following reasons, the motion is denied.

## Background

The defendant participated in a kidnapping.  During the kidnapping, the defendant pointed a gun at the victim, threatened his life, and demanded money.  As the defendant held the gun, his coconspirator beat the victim and burned him with cigarettes.  The defendant did not know the victim; he participated in the offense for a fee.  The defendant entered a guilty plea on April 6, 2021 pursuant to a plea agreement that included a guidelines range of 135 to 168 months.  The

sentencing enhancements included that the offense involved bodily injury or kidnapping, the use of a firearm, and that the victim sustained serious bodily injury.

At his sentencing on September 15, 2021, the Honorable Paul Crotty imposed a term of imprisonment of 120 months.  Judge Crotty explained that the variance below the guidelines was due to, inter alia, the conditions of confinement at the MCC during the pandemic and the fact that the defendant would be deported when he completed his term of imprisonment.

Villar twice moved pro se for relief under 28 U.S.C. § 2255, arguing that he was subject to excessive restitution and he had received ineffective assistance of counsel at sentencing. After appointing Villar new counsel and permitting supplemental briefing, Judge Crotty denied Villar's § 2255 petitions on July 25, 2023.  Judge Crotty also denied Villar's subsequent motion for a certificate of appealability.  The Second Circuit dismissed Villar's appeal on February 7, 2025.

In a motion dated October 28, 2025, received and filed by the Pro Se Office on November 10, Villar requests compassionate release.  Villar reports that his co-defendants, who also received sentences of 120 months' imprisonment, have already been released from prison.  He attributes this disparate treatment to his immigration status and the fact that he will be deported to the Dominican Republic.  Villar's motion includes a

September 24, 2025 petition to the Warden for release.  This case has been reassigned to this Court.  Villar is scheduled to be released from BOP custody on July 27, 2027.

### Discussion

The framework for analyzing a motion for compassionate release is well established.  It is assumed for the purposes of this Opinion that Villar has satisfied the administrative exhaustion requirement of the compassionate release statute.  18 U.S.C. 3582(c)(1)(A).  Therefore, the Court may reduce Villar's sentence if "extraordinary and compelling reasons" warrant reduction.  18 U.S.C. § 3582(c)(1)(A)(i).  District courts are entitled to "independently ... determin[e] what reasons ... are extraordinary and compelling."  United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020) (citation omitted).  If Villar has shown that "extraordinary and compelling reasons" for compassionate release are present, the Court must also consider the sentencing factors set forth at 18 U.S.C. § 3553(a) before reducing his sentence.

The release of Villar's co-defendants from prison does not constitute extraordinary circumstances entitling Villar to early release from his term of imprisonment.  Moreover, the § 3553(a) factors weigh against his early release.  Villar participated in a violent crime that caused serious injury to its victim.  His

sentencing judge already imposed a lower term of imprisonment than suggested by the Sentencing Guidelines because of the expectation that Villar would be deported, among other reasons. No further adjustment of his sentence is warranted.

## Conclusion

Villar's November 10, 2025 motion for compassionate release is denied.  The Clerk of Court shall mail Villar a copy of this Order and note mailing on the docket.

Dated:      New York, New York
            March 12, 2026

_____
DENISE COTE
United States District Judge

4